AeteR full argument and time taken to consider, the court, composed of
OveRTON and Whyte, Judges,
decided: —
First, that if the vendor of lands as to part cannot make a title clearly good, that the vendee may claim a return of such part of the purchase money as he has paid, and a rescission of the contract.
Secondly, in this instance the title to part of the lands sold is doubtful; for it is held under an execution against heirs, founded upon a judgment, which again was founded on a sci. fa. in which the heirs were not specially named, but were only described as the heirs of Elijah Robertson. And whether that be a good sci. fa. is not yet settled in this State by any judicial determination of the Supreme Court. It ought not to be settled when coming before the court in a * collateral way. It is enough at present to perceive that it is a disputable and an unsettled question.
Thirdly, in case of rescinding the bargain by a decree of the court, it will be ordered that the moneys paid to the vendor shall be a lien on the estate sold.
A decree was made in conformity with the above principles.
See, as to rescission, Seawell v. Williams, 5 Hay. 280; Woods v. North, 6 Hum. 309; Galloway v. Bradshaw, 5 Sneed, 70; Norment v. Wilson, 6 Hum. 310; Buchanan v. Atwell, 8 Hum. 516; Pipkin v. James, 1 Hum. 325; Cunningham v. Sharp, 11 Hum. 116; Napier v. Elam, 6 Yer. 108; Kennedy v. Woolfolk, 3 Hay. 195; and cases cited in King’s Digest, 2743 et seq. As to sci. fa. naming *710 heirs, Roberts v. Busby, 3 Hay. 195, and note sub fin. As to lien of purchase money, Johnson v. Pryor, 5 Hay. 243; Harlan v. Congden, 1 Cold. 221; Hilton v. Duncan, 1 Cold. 313; Alston v. Boyd, 6 Hum. 504; Pitcher v. Smith, 2 Head, 208; Sneed v. Bradley, 4 Sneed, 301; Rhea v. Allison, 3 Head, 176. See King’s Digest, 2903, 6616.